CITY OF DETROIT v. GRAY.

1. TRIAL—CHARGE—EMINENT DOMAIN.

On the trial of eminent domain proceedings in which the respondents claimed certain land within the street lines by adverse possession, where the court with the acquiescence of both attorneys in a discussion in the presence of the jury stated in addition to other instructions that the jury were to return a verdict for the value of such land, no objection or exception appearing of record, the judgment should not be reversed for alleged failure to charge the jury upon the point that the verdict should be for the value of the entire parcel of land claimed.

2. SAME—DAMAGES—NEW TRIAL.

Held, also, that the award of damages, $1,000 higher than the highest estimate of any of the petitioner's witnesses, was not so inadequate as to require the granting of a new trial.

183 Mich.—13.

Error to the recorder's court of the city of Detroit; Phelan, J. Submitted October 9, 1914. (Docket No. 40.) Decided December 18, 1914.

Eminent domain proceedings by the city of Detroit against Arabella Gray and others. Judgment for petitioner. Respondent Gray brings error. Affirmed.

*James W. Donovan,* for appellant.

*Thomas P. Penniman (Richard I. Lawson,* of counsel), for appellee.

BROOKE, J. In this proceeding, the relator, in the exercise of its right of eminent domain, sought to condemn a triangular piece of property located north of Sibley street between Cass avenue and Clifford street, in the city of Detroit. It appears from the record that the owner of said property and her predecessors in title had, for upwards of 25 years, occupied a strip of land within the street about 2½ feet wide by 106 feet long on the Cass avenue side of said property. The petition for condemnation correctly describes the property to be taken, *including this strip.* It is conceded by the respondent in this court that necessity for the taking of the property in question was properly shown by the relator. Evidence was introduced on behalf of the relator, as well as on behalf of the respondent, as to the value of the property. That given on behalf of the relator fixed the value at from $5,500 to $7,000. That on behalf of the respondent fixed the value at from $10,000 to $15,000. After instructing the jury very fully as to their duties and the law applicable to the case, the following occurred:

"*The Court:* Is there anything you desire?

"*Judge Donovan:* I did ask your honor to tell them that we could give a good title.

"*The Court:* I think you gave me some requests. I think, Judge Donovan, I have covered them.

"*Judge Donovan:* I think you have covered them, except, possibly, that one fact that we have a good and clear title here.

"*The Court:* He says, first: 'That two things must be proven by a fair preponderance of evidence before the property in issue can be taken by the city from the respondent, namely: (*a*) That there is a necessity for such improvement; and (*b*) to agree on and fix a just and fair value as compensation for the property.'

"*Judge Donovan:* That is covered.

"*The Court:* I think I have given the jurors that.

"*Judge Donovan:* I know you have.

"*The Court:* At least, I shall ask them: You so understand that, do you, gentlemen of the jury? I charge you that respondents are able to furnish a clear title to the premises, as described by the architect, including the entire land covered by the buildings, even that narrow strip used and occupied over 20 years by respondent. That, gentlemen of the jury, is a matter that belongs to the corporation counsel, who has to examine the titles of property before the city of Detroit would authorize a proceeding of this kind to be taken.

"*Mr. Penniman:* No, judge; just a moment, I think Judge Donovan is absolutely right. I think your honor should charge that the respondent is entitled to compensation for that property, which is within the building—the present building lines of the property. I understand that they have had title by prescription.

"*The Court:* That is described right in the petition.

"*Mr. Penniman:* No, it is not, your honor.

"*Judge Donovan:* I think it is covered by the petition.

"*Mr. Penniman:* I thought it was described as lot 145.

"*The Court:* Oh, no. Here is the description.

"*Mr. Penniman:* Is that a full description, Mr. Dooley?

"*Mr. Dooley:* Yes.

"*Mr. Penniman:* In the building line?

"*Mr. Dooley:* Yes.

"*The Court:* Then it is all right.

"*Mr. Penniman:* I thought it described just the lot line, not the building line.

"*The Court:* Follow an officer, gentlemen."

The jury rendered a verdict in favor of respondent in the sum of $8,000. Respondent has removed the case to this court for review, claiming that the award is grossly inadequate, and assigning as a reason therefor certain remarks of counsel for the city during the examination of various witnesses. A fact worthy of note is that throughout the entire record there appears not a single objection to the admission or exclusion of testimony or to the remarks of counsel, nor is there a single exception noted.

Aside from this, however, we cannot agree with the claim of counsel for respondent that the jury were misled or influenced by the remarks of counsel to deny by their verdict compensation to respondent for the strip owned by her by adverse possession. That strip was included in the petition, and the colloquy between the court and counsel, quoted above, indicates very clearly that the jury must have understood that the respondent was entitled to compensation for that as well as for the property lying within the original lot lines.

While the award is much lower than any sum fixed by witnesses on behalf of respondent, it is $1,000 higher than the highest estimate of value placed upon the property by witnesses for the relator. It was fixed by an agency provided by law for that purpose, under very full and fair instructions from the court.

We are of the opinion that the judgment should be, and it is, affirmed.

MCALVAY, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.